Michael–Allen Quiza SORIANO;
Joseph Quiza Soriano,
Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70136.

INS Nos. A70–034–916 A70–034–913.

United States Court of Appeals,
Ninth Circuit.

Submitted * June 15, 2001.

Decided July 30, 2001.

Before WARDLAW, PAEZ and
TALLMAN, Circuit Judges.

## MEMORANDUM **

Michael Allan Quiza Soriano and his brother, Joseph, petition for review of the decision of the Board of Immigration Appeals denying their request for asylum and withholding of deportation. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction under § 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), as amended, and we deny the petitions for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Substantial evidence supports the BIA's finding that petitioners neither endured past persecution nor have the requisite fear of future persecution on account of their political opinion. Their own testimony before the Immigration Judge concedes that they had no independent knowledge of the alleged acts of persecution suffered by their parents while living in the Philippines, the identities of the persecutors, or with what group they were affiliated. Accordingly, petitioners did not establish that they had been persecuted. *See Al–Harbi v. INS,* 242 F.3d 882, 889 (9th Cir.2001).

The evidence presented is not so persuasive that a reasonable factfinder would be compelled to find that petitioners would be persecuted because of their political views if returned to the Philippines. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Joseph admitted that the group he asserted persecuted his parents, the New People's Army, was not looking for him. Instead, he testified that in light of his father's activities, he would fear returning because "you can't really be too safe." This testimony and the lack of testimony to the contrary is substantial evidence that petitioners' subjective fear of returning to the Philippines is not genuine or objectively reasonable. *See Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc).

Because petitioners failed to establish eligibility for asylum, they necessarily cannot satisfy the higher standard of proof necessary for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITIONS DENIED.